IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : Case No. 3:10-cr-40-KRG-KAP
WILLIE B. HARRIS, SR., : (Case No. 3:14-cv-140-KRG-KAP)
      Defendant :

Report and Recommendation

At docket no. 247, Willie Harris filed a motion to vacate his 120 month sentence imposed on February 13, 2014, and the motion was referred to me under 28 U.S.C.§ 636(b)(3). At docket no. 249, I screened the motion, observed that it was inadequate to state any claim, and ordered the government to respond after Harris filed an amended motion.

Harris then submitted a letter docketed as a motion to withdraw at docket no. 250 asking that the motion at docket no. 247 be disregarded and that the correct habeas corpus motion be filed; accompanying this letter was a motion docketed at docket no. 251, submitted on a pre-printed form apparently from some other district in Pennsylvania that was styled Petition for Writ of Habeas Corpus Under 28 U.S.C.§ 2255 (an incorrect label since a motion to vacate and a petition for habeas corpus are two different pleadings); also accompanying the motion was a motion docketed at docket no. 252 for leave to proceed in forma pauperis.

The motion at docket no. 252 to proceed in forma pauperis is denied as unnecessary because a motion to vacate is part of the criminal case and needs no filing fee. The motion at docket no. 250 to withdraw the motion at docket no. 247 is denied as

meaningless because Harris' submission of the amended motion at docket no. 252 supersedes the motion at docket no. 247. The Clerk should remove the docket flag from docket no. 247.

The government need not respond to the motion to vacate at docket no. 252 because like its predecessor, this motion does not not state any facts that would merit relief even if they were all proved true. There are three claims:

First, that the plea was not voluntary because Harris was "obviously ... incompetent" since he was at one point offered a plea calling for 60 months imprisonment but eventually accepted a plea offer that resulted in him receiving 120 months. It does not follow from the sole fact alleged, even if it is true, that plea negotiations that end up in a less favorable position for the defendant than once was possible means that the defendant's plea was not voluntary. This claim is meritless.

Second, that the evidence used to support the conviction was illegally obtained. This claim is one that by its nature was waived by the entry of a guilty plea. One can litigate suppression, one can even enter a conditional guilty plea and appeal a suppression issue, but one cannot plead guilty and then move in effect for suppression in a motion to vacate. This claim is doubly waived, first by entry of a guilty plea and second by failure to take a direct appeal.

Third, Harris claims that his counsel, Douglas Sughrue, Esquire, who replaced Christopher Brown, Esquire, was ineffective because Sughrue did not pursue suppression of evidence (that Brown had previously pursued in a motion to suppress filed at docket no. 110 and a motion to re-open the suppression hearing filed at docket no. 179) and "just propositioned me with a plea of 120 months." This is contradicted by the record of this case: Sughrue filed a motion at docket no. 211 supplementing Brown's motion at docket no. 179 to re-open the suppression hearing, and the Court denied the motion as supplemented at docket no. 215. No other fact that would support a claim of ineffectiveness is alleged.

The motion to vacate at docket no. 251 should be denied without service. Harris is advised that barring exceptional circumstances he is limited to one motion to vacate, and that his one motion to vacate must be filed within one year of his conviction becoming final. Pursuant to 28 U.S.C.§ 636(b)(1), Harris is given notice that he has fourteen days to serve and file written objections to this Report and Recommendation. Harris may also withdraw the motion to vacate and attempt to file his one motion to vacate later (but within the one year period), or amend his motion to vacate within the time for filing objections.

The government may but need not file a response to the motion to vacate at docket no. 252 or to any objections filed in response to this Report and Recommendation. If Harris files an adequate amended motion a briefing schedule will be ordered.

DATE: 30 July 2014

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Willie B. Harris, Sr., Reg. No. 32635-068
F.C.I. Cumberland
P.O. Box 1000
Cumberland, MD 21501